LOTTINGER, Judge.
These consolidated matters are before us-on an appeal taken by the plaintiff from a judgment of the Lower Court which dismissed her demands.
Each suit is based on an insurance policy whereunder the plaintiff seeks to recover the face amount of the policy in the sum of $5,000.00, together with double indemnity, attorney fees, hospital and medica-P benefits, etc., as a result of the death of her husband, the late Horace Chambers. A check for $100.00 under each policy was. tendered plaintiff and was in her possession at the time of trial in the court below.
The plaintiff contends that she comes-under the provisions of the following ini each policy, to-wit:
“Guarantee Reserve Life Insurance Company of Hammond, Plammond, Indiana, (hereinafter called the company) a Stock Company, Premium $1.00' monthly $10.95 Annually In consideration of the payment of the premium,, does hereby insure the person whose-name and address appear in the schedule of Policy Information on the filing-back of page four hereof (hereinafter-called the Insured) subject to the ¡provisions and limitations herein contained,, from twelve o’clock noon, Standard Time, at the place where the Insured! resides, on the day this policy is issued, for the term for which the premium is. paid, against (1) loss resulting directly and independently of all other causes from bodily injury sustained during the term of this policy and effected solely through accidental means, and which shall from the date of the accident, result in continuous and total disability, and also against (2) loss- *183 •resulting directly and independently of ■all other causes from disease or sickness contracted during the term of this policy and after this policy has been in force thirty days from its effective date, subject to the provisions, conditions and limitations herein contained, as follows:
PART X. DEATH, DISMEMBERMENT AND LOSS OP SIGHT BENEFITS — TRAVEL ACCIDENTS
SPECIFIC LOSSES VALUE FIRST YEAR For Loss of Life.UNDER PART X $5,000.00 ANNUAL INCREASE UNDER PART I $500.00 VALUE AFTER FIFTH YEAR UNDER PART I $7,500.00
******
vesulting within thirty days from date •of accident solely from such injuries, Tbut only when such injuries are sustained while actually riding as a fare-spaying passenger or on a pass in a •place regularly provided for the transportation of passengers, only within a -railroad car, elevated subway or inter-mrban railroad car, electric street car •or steamboat, provided by a common •carrier for passenger service and only when such loss shall be caused by the wrecking or disablement of any such car or steamboat. * * * ”
•whereas defendants contend that the following provisions are applicable:
“Part IV. SPECIAL ACCIDENTAL DEATH INDEMNITY
“The Company will pay for loss of life •of the Insured which results within thirty days from date of accident, solely from such injuries caused by any ■accident in or out of business if not paid under Part I of this policy and not 'herein excepted, and which shall have ■caused continuous total disability from date of accident to date of loss, the sum of One Hundred Dollars ($100.-00).”
It was stipulated “that Mr. Chambers’ .accident occurred while he was driving a •truck owned by himself used in his logging ’business * * * Quite obviously, in •view of the fact that the plaintiff was driving his own vehicle at the time of the accident, he was not covered by Part I of the policy as quoted above but, as correctly contended by defendants, comes under the provisions of Part IV thereof. The policy is clear and free from ambiguity and its provisions were correctly interpreted by the Court below.
For the reasons assigned, the Judgment appealed from is affirmed.
Judgment affirmed.